UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| QUINCY A. WATSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | No. 4:06CV611 HEA |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on movant's Motion under 28 U.S.C. § 2255 by a Person in Federal Custody, [# 1], filed on April 10, 2006. The government has responded to the motion. As grounds for his § 2255 motion, movant alleges various actions taken or not taken by his attorney such as: that he was coerced by his attorney under the false pretense that if he proceeded to trial and lost, he would have been facing a minimum term of at least ten years imprisonment or a maximum prison term of 20 to 40 years because of a possible career offender, which he claims was untrue; movant also contends that his counsel failed to get and provide requested medical records for a medical downward departure; that his counsel knew or should have known that his plea was in direct violation of the "new constitutional rule" announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *United States v. Booker*, 543 U.S. 220 (2005); that counsel failed to respond to correspondence; that

counsel failed to investigate the crime scene; that counsel failed to hire a forensic chemist so that the drugs or drug analysis could be tested by a professional chemist; that counsel misled movant's mother that if movant plead guilty he would receive 36 months; that counsel misled movant that if he plead guilty he would receive 60 months with the 500 hour drug program along with the 18 month reduction of sentence, which movant claims was untrue.

Movant also claims that this Court exceeded its authority by sentencing him beyond the maximum sentence authorized by law. According to movant, the grand jury returned a true bill or a bill of indictment against him only for a violation of Section 841(b)(1)(B)(iii) (Title 21), and the Court improperly imposed sentence thereunder.

## **Facts and Background**

Movant was indicted on November 26, 2003 on one count of possession with intent to distribute 5 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(b)(1)(B)(iii). On June 29, 2004, movant appeared with his attorney and entered a plea of guilty. Movant had entered a Plea Agreement and Stipulation of Facts with the government at the time of his plea. This Agreement was filed with the Court that same day. Under the Plea Agreement, movant agreed to plead guilty to the charge. As part of the plea agreement, movant and the government agreed that

the applicable Guidelines section for the offense of conviction was § 2D1.1(c)(7), which established that the base offense level was 26. At the Plea Hearing, movant acknowledged that he had read the Plea Agreement.

Under the terms of the Plea Agreement and at the hearing on movant's change of plea, Watson agreed that by entering a plea of guilty, he expressly waived his right to trial. He agreed that he understood the right to trial and the consequences of his waiver of those rights.

At the plea hearing, movant stated under oath that he was fully satisfied with the representation received from his attorney, that his attorney had gone over the Plea Agreement, Guidelines Recommendations and Stipulations with him and that there was nothing in the plea agreement that he disagreed with. In the plea agreement, the parties agreed that neither party would request a departure from the guidelines unless it was addressed in the written plea agreement or otherwise consented to by the parties.

Watson waived his right to file an appeal. He waived all rights to appeal all sentencing issues. Movant waived all rights to contest the conviction or sentence in any post-conviction proceeding, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

Movant was sentenced on November 23, 2004. At the sentencing hearing,

the Court inquired as to whether movant and his attorney had had an opportunity to review the Presentence Investigation Report and whether they had any objections to it. No objections were raised.

At the sentencing hearing, counsel for movant requested a downward departure from the applicable guideline range of 70 to 87 months on behalf of movant because of movant's medical condition. The request was denied.

After giving movant an opportunity to speak on his own behalf, the Court sentenced Watson to 82 months, to be followed by four years of supervised release.

The Court then advised Watson of his appeal rights, and noted that under the plea agreement, movant had given up most, if not all, aspects of his appeal rights. Movant stated that he understood these rights completely and that he had no questions regarding his appeal rights. Watson filed an appeal in which he argued that the Court erred by sentencing him pursuant to the guidelines which he contended the Court viewed as mandatory. The Eighth Circuit Court of Appeals granted the government's motion to dismiss the appeal based on movant's waiver of appellate rights.

### **Standards for Relief Under 28 U.S.C. 2255**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in

violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)(citing 28 U.S.C. § 2255). Thus, a "[movant] is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043.

To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard

of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

The standard has been defined in this Circuit as follows:

> An ineffective assistance claim generally requires two showings. "First the defendant must show that counsel's performance was deficient." *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. This entails "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. Second, the defendant must show prejudice. *Id*. To show prejudice, he or she must prove that "counsel's errors were so serious as to deprive [him or her] of a fair trial, a trial whose result is reliable." *Id*.; *accord Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, L.Ed.2d 180 (1993)(admonishing that the prejudice prong encompasses more than mere outcome determination; rather, the focus of the question of prejudice is "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair.").

*Covey v. United States*, 377 F.3d 903, 906 (8th Cir. 2004).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have

pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

### Discussion

Initially, movant's claims, with the exception of the claim of ineffective assistance of counsel, are barred by the plea agreement. As part of the plea agreement, movant agreed to waive his appeal rights and his rights to raise issues on collateral attack, *i.e.* through a motion pursuant to 28 U.S.C. § 2255.

When a defendant waives his appeal and post conviction relief rights in a plea agreement, the waiver will be enforced if it was knowingly and voluntarily made. *DeRoo v. United States,* 223 F.3d 919, 923 (8th Cir.2000) (citing *United States v. Goings,* 200 F.3d 539, 543 (8th Cir.2000)). However, where a movant is arguing in his § 2255 motion that the plea and the waiver were not knowing and voluntary due to ineffective assistance of counsel, then the waiver does not bar the § 2255 claims. *Id.* at 924.

Plea bargaining does not violate the Constitution, even though a guilty plea waives important constitutional rights. *Newton v. Rumery,* 480 U.S. 386, 393, (1987). It is well-settled that a defendant may affirmatively waive particular constitutional rights. *See Boykin v. Alabama,* 395 U.S. 238, 243 (1969) (right to a jury trial, to confront and cross-examine witnesses, and to the Fifth Amendment

privilege against self-incrimination); *Faretta v. California,* 422 U.S. 806 (1975) (right to counsel). There is no constitutional right to appeal; the right to appeal is purely a creature of statute. *Abney v. United States,* 431 U.S. 651, 656, (1977). If defendants can waive fundamental constitutional rights, they are not precluded from waiving procedural rights granted by statute. *United States v. Rutan,* 956 F.2d 827, 829 (8th Cir.1992) (citing *United States v. Wiggins,* 905 F.2d 51 (4th Cir.1990)). Therefore, a defendant may waive certain procedural appellate rights. *Id.* Accordingly, a defendant who pleads guilty and expressly waives the statutory right to raise objections to a sentence may not then seek to appeal the very sentence which itself was part of the agreement. *Id.*

Negotiated waivers of appellate rights and rights to pursue post-conviction relief have been upheld by the Eighth Circuit. *See United States v. Morrison,* 171 F.3d 567, 568 (8th Cir.1999); *United States v. Michelsen,* 141 F.3d 867, 873 (8th Cir.1998); *United States v. His Law,* 85 F.3d 379, 379 (8th Cir.1996); *Rutan,* 956 F.2d at 829. In *DeRoo,* the Eighth Circuit noted that, "[a]s a general rule, we see no reason to distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in the plea agreement." 223 F.3d at 923. The chief virtues of a plea agreement are speed, economy and finality. *Id.* at 923. These virtues "are promoted by waivers of collateral appeal rights as much as by waivers

of direct appeal rights." *Id.* Waivers preserve the finality of judgments and sentences, and are of value to the accused to gain concessions from the government." *Id.* The Eighth Circuit has determined that a waiver of a right to appeal is enforceable if the waiver is knowingly and voluntarily made, and the sentence imposed is in accordance with the negotiated agreement. *Rutan,* 956 F.2d at 829. The hearing on the change of plea establishes that movant clearly understood that he was giving up his right to appeal his sentence and post conviction remedies. Indeed, the Eighth Circuit recognized movant's intent to waive his appellate rights by dismissing his appeal.

Even assuming that movant's claims were not waived, his claim regarding the Court exceeding its authority is without merit. The sentencing guideline range upon which the parties agreed was 70-87 months imprisonment. The Court sentenced movant to 82 months, well within this range. Watson's claim that the sentence was in violation of *Apprendi* and *Booker* misinterprets these cases in that **they only apply when a sentence exceeds the maximum possible sentence under the statute.** In this case, the statutory penalty range was five to forty years imprisonment. The sentence of 82 months falls well within this range.

With respect to movant's claims of ineffective assistance of counsel, these claims are clearly refuted by the record before the Court. Movant admitted that he

was guilty of the charges and that he understood those charges.  He admits that his lawyer explained everything to him and that he was satisfied with counsel's representation.  Movant advised the Court that he understood the terms of the plea agreement and the Sentencing Guidelines. He further advised that it was his desire to plead guilty and that no one was forcing him to do so. When asked, movant advised the Court that there was nothing that he requested of counsel that counsel did not do for him.  Movant, at no point in the proceedings, advised the Court of his desire to have counsel investigate the crime scene or to have counsel hire a chemist.  Furthermore, counsel, in contravention of the plea agreement, even went so far as to request the desired downward departure based on movant's medical condition.  Counsel clearly provided effective assistance to movant.  The record establishes that movant's guilty plea was knowingly and voluntarily made.   Movant's claims of ineffective assistance of counsel are thoroughly refuted by the record.

## Conclusion

Based upon the foregoing analysis, none of the grounds upon which movant relies entitles him to relief.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to vacate, correct or set aside sentence, [# 1], is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability as movant has not made a substantial showing of the denial of a federal constitutional right.

Dated this 14th day of June, 2006.

_____
   HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE